UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS JR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOMINION VOTING SYSTEMS et al.,<br><br>　　　　　Defendants. | CASE NO. 2:21-CV-00110-RAJ-DWC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: March 5, 2021 |

　　　Plaintiff John Demos, a state prisoner, has filed a Proposed Civil Rights Complaint. Dkt. 1, 1-1. He did not pay the filing fee and submitted a deficient application to proceed *in forma pauperis* ("IFP") on the incorrect form. *See id.* Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and was sentenced to an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968 (Wash. 1980).

REPORT AND RECOMMENDATION - 1

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit **only three IFP applications and proposed actions** each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

In his Proposed Complaint, Plaintiff seeks to bring claims against a number of corporations and several chief executive officers for violations of the Fourteenth Amendment. Dkt. 1-1. Plaintiff alleges "the democrats stole the presential election of 2020 from former U.S. President Donald Trump." Dkt. 1-1 at 9. Plaintiff does not allege he faced imminent danger of serious physical injury at the time of filing. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Accordingly, because Plaintiff does not meet § 1915(g)'s imminent danger requirement, the Court recommends his IFP application (Dkt. 1) be DENIED and this action be DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 5, 2021 as noted in the caption.

Dated this 11th day of February, 2021.

David W. Christel
United States Magistrate Judge